UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ANTHONY G. AMEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:18-CV-276-TAV-HBG |
| | ) |
| HAMILTON COUNTY, | ) |
| MARK SAINTLOUIS, | ) |
| DUKO, and | ) |
| UNKNOWN POLICE AGENTS, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Pro se Plaintiff, Anthony G. Amey, Jr., brought this action on July 5, 2018, under 42 U.S.C. § 1983, alleging that, in the course of his arrest, he was severely bitten by a police dog and that the use of the police dog constituted an unconstitutional use of excessive force. The matter is now before the Court for screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, none of the claims set forth shall proceed to service and this action will be dismissed.

**I.  SCREENING THE COMPLAINT**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, dismiss *sua sponte* any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009),

and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. BACKGROUND

On July 6, 2017, Plaintiff drove to the Staybridge Suites in Chattanooga, Tennessee [Doc. 1 p. 5]. Upon arriving at the Staybridge Suites, Plaintiff exited the vehicle and walked across the parking lot to talk with four of his friends [*Id*.]. Shortly after the conversation began, Plaintiff heard people screaming "ATF GET ON THE GROUND" [*Id*.]. At first Plaintiff thought the screams were his friends joking with him [*Id*.]. After he realized that officers were approaching him and his friends, Plaintiff claims that he raised his hands in the air to display cooperation [*Id*.]. However, Plaintiff asserts that he

2

was "violently thrown to the ground" by an unknown police officer [*Id*.]. Plaintiff complains that "[w]hile being held there on the ground without any resistance, the officers allowed the police dog . . . to begin attacking and ripping the flesh off his left leg" [*Id*.]. After the attack, Plaintiff was taken to the Erlanger East Emergency Room to be treated for the injuries obtained from the police dog [*Id*.].

## III. ANALYSIS

Plaintiff has named Mark Saintlouis and "unknown police/agents" as defendants in their individual capacities in this matter. However, these Defendants do not appear in the body of the complaint and the Court finds no specific allegations against them whatsoever.

Plaintiff does not allege that Defendants Saintlouis and "unknown police/agents" were responsible for, or even knew of, the alleged wrongdoings. It is a basic pleading requirement that a plaintiff must attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit has found that, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to pro se complaints." *See Gilmore v. Corr. Corp. of Am.*, 92 Fed. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

To the extent that Plaintiff has not made specific factual allegations against Defendant Saintlouis because he seeks to hold him liable based on his role as "lead officer

of Chattanooga Police Department," a theory of supervisory liability is unacceptable in a § 1983 case. *See Ashcroft v. Iqual*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed simply because a defendant "employs a tortfeasor"). The law is settled that § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Mich. Dept. of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). At a minimum, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution" *Iqbal*, 556 U.S. at 676-77. Without any detail of specific actions or inactions of Defendant Saintlouis, this Court finds that Plaintiff has failed to state a claim upon which relief may be granted as against this Defendant. Thus, Defendants Staintlouis and "unknown police/agents" will be dismissed as Defendants in their individual capacities.

Further, any claim against Defendants in their official capacities are, essentially, a suit against Hamilton County itself. *See, Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1989 WL 153076 (6th Cir. 1989); *see also Petty v. Cnty. of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007) ("To the extent that [the plaintiff's Section 1983] suit is against [the sheriff] in his official capacity, it is nothing more than a suit against Franklin County itself."). Plaintiff has named Hamilton County as a Defendant in this matter. Thus, any claim against Mark Saintlouis, Duko, and unknown police/agents in their official capacities would be

4

redundant. Accordingly, Defendants Staintlouis, Duko, and "unknown police/agents" will be dismissed as Defendants in their official capacities.

Hamilton County is a "person" within the meaning of section 1983 and can be sued directly if it causes a constitutional violation through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. Plaintiff must show that his alleged injury was caused by an unconstitutional policy or custom of the municipality. *See, Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986)).

Here, Plaintiff failed to assert that any of the allegations within his complaint were a result of an unconstitutional custom or policy of Hamilton County. Nor can the Court liberally construe any facts provided in Plaintiff's complaint as relating to a policy or custom of Hamilton County. Thus, Plaintiff failed to state a claim against Defendant Hamilton County, which will therefore be dismissed as a defendant in this matter.

IV. **CONCLUSION**

Based on the above, Plaintiff's complaint fails to state a claim upon which relief may be granted against any defendant under § 1983, and this action will therefore be **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE